### 46079. PURYEAR v. DEAKINS et al.
(373 SE2d 15)

CLARKE, Presiding Justice.

This case involves the applicability of certain restrictive covenants to four out of fourteen lots in a subdivision. Earlier litigation has concluded that Foster and Rajecki, Inc. ("FRI"), the subdivision's developer, legally contracted to sell the four lots to Ernest Deakins and his associates in September 1986. At that time, the restrictive covenants at issue here did not encumber the use of these lots. On October 17, 1986, FRI recorded certain restrictive covenants purporting to apply to all fourteen lots in the subdivision. Later on that same day, Deakins and his associates filed an action against FRI seeking specific performance of the contract to sell the four lots. At the same time, they filed a notice of lis pendens as to the lots and named FRI. Deakins won the specific performance suit. This Court affirmed the judgment of the trial court in 1988.

In the meantime, Loris Puryear negotiated with FRI to buy the lot immediately adjacent to those now owned by Deakins. She acquired that lot by deed on November 14, 1986. When she became aware that Deakins intended to build duplexes on the lots, she filed an action for declaratory and injunctive relief. The trial court ruled that the restrictive covenants do not apply to the lots owned by Deakins.

The question here is whether a lis pendens notice stating a claim to a contract right to buy four lots in a subdivision serves as notice to future purchasers of other lots in the subdivision that the lots described in the lis pendens notice are not encumbered by the restrictive covenants recorded after the contract but before the sale of the other lots. The answer to this question is yes.

Mrs. Puryear contends that the lis pendens notice lies outside the chain of title and that she could not have had notice of the fact that the lots bought by Deakins are not restricted. Mrs. Puryear's argument must fail. If she was interested in the restriction of the use of all of the lots in the subdivision, she had a duty to examine the chain of title to all of those lots. This is necessarily so, because FRI could not have imposed restrictions upon lots it did not own at the time the restrictive covenants were executed. Nor could it impose restrictions upon lots that it had contracted to sell without restrictions. See *Lankford v. Holton,* 205 Ga. 476 (53 SE2d 679) (1949). (Grantee can

obtain no better title, either legal or equitable, than grantor had on the date of transfer.)

Moreover, the fact that the lis pendens notice appeared of record subsequent to the recording of the covenants does not aid Ms. Puryear's cause. The lis pendens notice was recorded under the name of the lots' common grantor prior to the date that Ms. Puryear took title. It reflected a dispute regarding a sales contract that predated the recording of the restrictive covenants. Its recording was constructive notice to her of the claim of Deakins and his associates. OCGA § 23-1-18. Her failure to heed this notice must not work a burden upon Deakins who is accused of no wrongdoing.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1988.

*Chambless, Bahner, Crutchfield, Gaston & Irvine, Bruce C. Bailey,* for appellant.

*Gleason & Davis, John W. Davis, Jr.,* for appellees.